UNITED STATES DISTRICT COURT

                           NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>          Plaintiff,<br><br>     v.<br><br>AGUEDA ALVARADO, et al.,<br><br>          Defendants. | Case No. 14-cv-00229-MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

On January 15, 2014, Defendants Hector Alvarado and Agueda Alvarado, removed this unlawful detainer action from the San Mateo County Superior Court.  However, as it appears that jurisdiction is lacking and the case should be remanded to state court, the Court ordered Defendant(s) to show cause by February 25, 2014, why this case should not be remanded.  No response has been received.  Based on this procedural history, the Court finds it appropriate to remand this case.  As Defendants have not consented to the undersigned's jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that the case be remanded to the San Mateo County Superior Court.  The order to show cause hearing is VACATED.

Subject matter jurisdiction is fundamental and cannot be waived.  *Billingsly v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989).  Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." The removal statutes are construed restrictively, however, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. *Toumajian v. Frailey*, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. *K2 Am. Corp. v. Roland Oil & Gas*, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011).

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Further, even if Defendant(s) were to allege diversity jurisdiction, Plaintiff(s) brought this action in California, as the property at issue is located in the state. Where diversity is cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are diverse. 28 U.S.C. § 1441(b); *Wells Fargo Bank, N.A. v. Roy*, 2012 WL 195513, at *2 (N.D. Cal. Jan. 23, 2012). Moreover, the amount in controversy requirement does not appear to be met because the damages claim in this case is under $10,000. In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real

property, determines the amount in controversy, and, pursuant to California Code of Civil Procedure section 86(a)(4), an unlawful detainer is a limited civil action where the "whole amount of damages claimed" must be "twenty-five thousand dollars ($25,000) or less." Cal. Civ. Pro. § 86(a)(4). Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions only where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

Finally, an anticipated federal defense or counterclaim is not sufficient to confer jurisdiction. *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994). "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint." *ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Thus, any anticipated defense, such as a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, is not a valid ground for removal. *See e.g. Bank of New York Mellon v. Hernandez*, 2012 WL 2375096 at *1 (N.D. Cal., June 22, 2012); *Wells Fargo Bank v. Carmona*, 2010 WL 3565508 at *1 (N.D. Cal. Sept. 13, 2010); *Deutsche Bank Nat'l Trust Co. v. Quintanilla*, 2011 WL 2066726 at *2 (N.D. Cal May 25, 2011); *Onewest Bank, FSB v. Sanchez*, 2010 WL 3076256 (N.D. Cal. Aug. 5, 2010).

Thus, as jurisdiction appears to be lacking, and Defendants failed to respond to the order to show cause, the Court finds that the burden of demonstrating grounds for jurisdiction has not been met. Accordingly, the undersigned finds that this case should be remanded.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: March 4, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge